IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JEROME D. BROWN,<br>    PETITIONER, | §<br>§<br>§ | |
| v. | § | Civil Action No. 4-06-CV-0296-Y |
| | § | |
| DOUGLAS DRETKE, DIRECTOR<br>TEXAS DEPARTMENT OF CRIMINAL<br>JUSTICE, CORRECTIONAL INSTITUTIONS<br>DIVISION,<br>    RESPONDENT. | §<br>§<br>§<br>§<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A.    NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.    PARTIES**

Petitioner Jerome D. Brown, TDCJ-ID #751067, is a state prisoner currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, in Huntsville, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**C.     PROCEDURAL HISTORY**

On August 26, 1993, pursuant to a plea agreement, Brown pled guilty to aggravated assault on a peace officer with a deadly weapon and was sentenced to thirty-two years' confinement.[1] Brown has sought postconviction relief challenging his conviction, including a previous federal petition for writ of habeas corpus. Apparently, Brown has also filed an unsuccessful motion for forensic DNA testing under Chapter 64 of the Texas Code of Criminal Procedure, in the convicting court. (Petition at 7; Attachment at 3-5.) *See* TEX. CODE CRIM. PROC. ANN. arts. 64.01-64.05 (Vernon Supp. 2005).

**D.     ISSUES**

The Petitioner raises four grounds for relief in which he appears to challenge his 1996 conviction and sentence and the proceedings relevant to his motion for forensic DNA testing. (Petition at 7-8 and Attachment.)

**E.     SUCCESSIVE PETITION**

28 U.S.C. § 2244(b) requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless specified conditions are met. 28 U.S.C. § 2244(b)(1)-(2).[2] Further,

---

[1] The court takes judicial notice of the federal and state court records, which it is entitled to do, in Brown's previous federal petition in Civil Action No.4:99-CV-0693-Y.

[2] Section 2244(b) provides:

    (b)(1)  A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

    (2)  A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

(continued...)

2

before such a petition is filed in federal district court, the petitioner must move for authorization to file the petition in the appropriate court of appeals. *Id.* § 2244(b)(3).

From the face of the instant petition, it is apparent that this is a successive petition, and Brown has not demonstrated that he has obtained authorization to file such a petition from the Fifth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(1)-(3); *Kutzner v. Cockrell*, 303 F.3d 333, 338-39 (5th Cir.) (holding that § 2254 petition challenging denial of motion for DNA testing constituted a successive habeas petition), *cert. denied,* 536 U.S. 978 (2002); *In re McGinn*, 213 F.3d 884, 885 (5th Cir. 2000). This court is, therefore, without jurisdiction to consider the petition. *Kutzner*, 303 F.3d at 339; *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000); *Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999). Brown must first seek an order authorizing this court to consider his claims from the Fifth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(3).

## II. RECOMMENDATION

---

$^{2}$(...continued)
  (A) the application shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

  (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

  (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(1)-(2).

Brown's Petition for Writ of Habeas Corpus under 28 U.S.C. §2254 should be dismissed without prejudice to his right to file a motion for leave to file a successive petition in the United States District Court of Appeals for the Fifth Circuit under 28 U.S.C. §2244(b)(3)(A).

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until May 23, 2006.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until May 23, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the

4

opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 2, 2006.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE